# EXHIBIT A

Yongmoon Kim (NJ Atty. ID #026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
(201) 273-7117 – Telephone & Fax
*Attorneys for Plaintiff and the Proposed Class*

| | |
|---|---|
| LISA A. PRITCHARD, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>GREENSKY, LLC d/b/a GREENSKY INSTALLMENT;<br>GREENSKY SERVICING, LLC;<br>and JOHN DOES 1 to 10;<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-7150-21<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

  The plaintiff, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorneys whose names and addresses appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

|  |  |
|---|---|
| Dated: September 28, 2021 | */s/ Michelle M. Smith*<br>Michelle M. Smith<br>Clerk of the Superior Court of New Jersey |
| Name of Defendant to be served: | **Greensky, LLC** |
| Address of Defendant to be served: | **c/o National Registered Agents, Inc.**<br>**820 Bear Tavern Road**<br>**West Trenton, New Jersey 08608** |

Yongmoon Kim (NJ Attorney ID: 026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

*Attorneys for Plaintiff*

| | |
|---|---|
| LISA A. PRITCHARD, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>GREENSKY, LLC d/b/a GREENSKY INSTALLMENT;<br>GREENSKY SERVICING, LLC;<br>and JOHN DOES 1 to 10;<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No. ESX-L-_____<br><br>CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Lisa A. Pritchard by way of Class Action Complaint against the Defendants Greensky, LLC d/b/a Greensky Installment, Greensky Servicing, LLC, and John Does 1 to 10, alleges and states:

## I.  NATURE OF THE ACTION

1. Plaintiff brings this action to secure redress for Defendants' course of conduct that included accessing Plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## II.  JURISDICTION AND VENUE

2. Venue is properly in Essex County as the Defendants regularly conduct business there.

Page 1 of 11

### III.   PARTIES

3. Plaintiff is an individual who was a resident and domiciled in the State of New Jersey.

4. Defendant Greensky, LLC is a limited liability company with its principal place of business at 5565 Glenridge Connector Suite 700, Atlanta, Georgia 30342.

5. Defendant Greensky Servicing, LLC is a limited liability company with its principal place of business at 5565 Glenridge Connector Suite 700, Atlanta, Georgia 30342.

6. The Defendants have willfully and intentionally participated in the wrongful conduct complained of herein and caused injury to the Plaintiff and others similarly situated to the Plaintiff.

### IV.   CLASS DEFINITION

7. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.

8. Pritchard also sues on behalf of others who are similarly situated to Pritchard. This Class of persons consists of the following persons:

> Any person the Defendants pulled or obtained a consumer report about that person without a permissible purpose or written authorization within the 5 year period preceding the filing of this complaint. **This definition may be amended or modified, including to expand the class.**

### V.   FACTS

9. Defendants are in the business of "financ[ing] more than one million home improvement projects" and "make it easy for contractors to offer affordable financing to customers." "[Defendants] [are] a link between contractors, their customers and banks. [Defendants] bring everyone together and simplify the loan process, from application, to

decision/approval, to payments."[1]

10. Pritchard did not seek credit of any type from Defendants.

11. There was no other *in personam* relationship established or created between Pritchard and Defendants.

12. Despite the absence of any *in personam* credit relationship between Pritchard and Defendants, and despite the lack of any consent, Defendants accessed Pritchard's personal information.

13. Defendants obtained information from a consumer reporting agency about Pritchard on April 20, 2018, through an "unspecified" hard inquiry.

14. Pritchard first found out about Defendants' unauthorized access on September 23, 2019, when she accessed her Experian credit report.

15. Pritchard had not requested credit from the Defendants.

16. Pritchard did not have any credit relationship with the Defendants.

17. Pritchard had not authorized Defendants to obtain her private credit report or any information.

## VI.   CLASS ACTION ALLEGATIONS

18. This action is brought as a Class Action under Rule 4:32. Plaintiff proposes to represent herself and the Class defined above.

19. The named Plaintiff falls within the Class definition above and is a class member.

20. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the

---

[1] https://www.greenskyonline.com/greensky/faq

Defendants and the records of the consumer reporting agencies since they charge the Defendant for each pull made by it.

21. Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. This allegation is based on the fact that Defendants are a substantial servicer across the country and in New Jersey.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendant are identical. The common issues include, but are certainly not limited to:

    A. Whether the Defendants obtained or pulled information about the Plaintiff and members of the Class from a consumer reporting agency;

    B. Whether the Defendants can show any permissible purpose or written authorization to obtain or pull private credit information about the Plaintiff or the members of the Class;

    C. Whether the Defendants acted willfully, as that term has been interpreted under the FCRA, when it pulled or obtained the private information about the Plaintiff or other members of the Class;

    D. Whether the Defendants acted negligently when it pulled or obtained the private information about the Plaintiff or other members of the Class;

    E. The amount of statutory damages to be assessed against the Defendants;

    F. Whether an award of punitive damages against Defendants is appropriate;

    G. The amount of damages to be assessed against the Defendants.

23. The Plaintiff's claims are the same as each member of the Class and are based on the same legal and factual theories.

24. There is nothing unusual about the Plaintiff to warrant a material difference

between her claims and the claims of the members of the Class.

25. Defendants' likely defenses (though unavailing) are and will be typical of and the same or identical for each of the class members and will be based on the same legal and factual theories. There are no valid, unique defenses.

26. The named Plaintiff will fairly and adequately represent and protect the interests of the Class.

27. The named Plaintiff has retained counsel who is experienced in consumer litigation and class actions. Plaintiff's counsel has been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

28. The named Plaintiff does not have any interests antagonistic to the members of the Class.

### VII.    CERTIFICATION UNDER RULE 4:32

29. The Defendants have acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 15 U.S.C. § 1681n or alternatively 15 U.S.C. § 1681o is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

30. There are no individual questions to establish the claims of the Plaintiff and the class members. The claims are based on the Defendants obtaining private information held by consumer reporting agencies by certifying to consumer reporting agencies that it had the right to obtain information when Defendants did not have either a permissible purpose or written authorization to pull or obtain the private information of the Plaintiff and members of the Class.

31. Plaintiff's claims are typical of the claims of the class members.

32. The class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiff. This includes the invasion of their privacy. All are entitled to the statutory damages allowed by the FCRA and to any punitive damages that may be awarded.

### VIII. COUNT I - FAIR CREDIT REPORTING ACT
### (VIOLATION OF 15 U.S.C. § 1681n)

33. Pritchard incorporates the foregoing paragraphs.

34. The FCRA, 15 U.S.C. § 1681b, provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes", which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

35. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists. 15 U.S.C. § 1681b(f).

36. Defendants, acting in concert with others, obtained or pulled the consumer report of Pritchard and the members of the Class after certifying it had a permissible purpose when the Defendants did not have written permission or a "permissible purpose."

37. To obtain the consumer report of Pritchard and the other class members, the Defendants had to affirmatively provide certification.

38. The Defendants knew that it did not have any right to obtain the consumer report of Pritchard for any purpose. Defendants did not have either written consent or a permissible purpose.

39. The FCRA, 15 U.S.C. § 1681q, provides:

### § 1681q. Obtaining information under false pretenses

Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

40. The Defendants obtained information about Pritchard and the other Class members under false pretenses since the Defendants did not have any permissible purpose or written permission.

41. The FCRA, 15 U.S.C. § 1681n, provides:

### § 1681n. Civil liability for willful noncompliance

**(a) In general**. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—
  **(1)**
   **(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
   **(B)** in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
  **(2)** such amount of punitive damages as the court may allow; and
  **(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

42. The FCRA, 15 U.S.C. § 1681p, provides:

### § 1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USC §§ 1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
  **(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
  **(2)** 5 years after the date on which the violation that is the

basis for such liability occurs.

43. The Plaintiff and the other class members have had their privacy illegally invaded as a result of Defendants' willful actions and they are entitled to statutory damages allowed by the FCRA.

44. The Defendants' actions support an award of punitive damages since they acted knowingly including making false certifications to pull or obtain the private information of the Plaintiff and other class members.

### IX. PRAYER FOR RELIEF

45. Wherefore, the Plaintiff prays for the following relief and judgment in her favor and the other members of the class and against the Defendants under this Count:

a. The Court certify a class of persons defined herein as may be modified or amended;

b. Appoint Plaintiff and her counsel to represent the certified Class;

c. Award statutory damages to the Plaintiff and each class member;

d. Award punitive damages against the Defendants;

e. Award the Plaintiff and the Class their costs, including attorney fees.

f. Award such other and further relief as may be appropriate and proper.

### X. COUNT II - FAIR CREDIT REPORTING ACT
### (VIOLATION OF 15 U.S.C. § 1681o)

46. Pritchard incorporates the foregoing paragraphs.

47. The FCRA, 15 U.S.C. § 1681b, provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes", which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

ESX-L-007150-21   09/22/2021 7:49:19 PM   Pg 9 of 11 Trans ID: LCV20212209363
Case 2:21-cv-19429-CCC-JRA   Document 1-1   Filed 10/29/21   Page 12 of 15 PageID: 20

48. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists. 15 U.S.C. § 1681b(f).

49. Defendants, acting in concert with others, obtained or pulled the consumer report of Pritchard and the members of the class after certifying it had the right to obtain the report when the Defendants did not have written permission or a "permissible purpose."

50. To obtain the consumer report of Pritchard and the other class members, the Defendants had to affirmatively provide certification.

51. The Defendants knew or should have known that it did not have any right to obtain the consumer report of Pritchard for any purpose.

52. The Defendants knew or should have known that it did not have either written consent or a permissible purpose.

53. Alternatively, if the Defendants did not violate 15 U.S.C. § 1681n, the Defendants violated 15 U.S.C. § 1681o, which states:

> **(a)In general.** Any person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> **(1)** any actual damages sustained by the consumer as a result of the failure; and
> **(2)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
>
> **(b)Attorney's fees.** On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

54. The Plaintiff and the other class members have had their privacy illegally invaded as a result of Defendants' negligent actions and they are entitled to damages allowed by the FCRA.

## XI. PRAYER FOR RELIEF

55. Wherefore, the Plaintiff prays for the following relief and judgment in her favor and the other members of the Class and against the Defendants under this Count:

a. The Court certify a class of persons defined herein as may be modified or amended;

b. Appoint Plaintiff and her counsel to represent the certified Class;

c. Award damages to the Plaintiff and each class member;

d. Award the Plaintiff and the Class their costs, including attorney fees.

e. Award such other and further relief as may be appropriate and proper.

## XII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## XIII. DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designates Yongmoon Kim of the Kim Law Firm LLC as trial counsel in this matter.

## XIV. CERTIFICATION

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b). I further certify that the causes alleged herein is not the subject of any other action pending in any Court or arbitration proceeding. Furthermore, at this time, joinder of any additional parties is not necessary or anticipated to be necessary in the future.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

|  | KIM LAW FIRM LLC |
|---|---|
| Dated: September 22, 2021 | */s/ Yongmoon Kim*<br>Yongmoon Kim, Esq. |
|  | *Attorneys for Plaintiff* |

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-007150-21**

**Case Caption:** PRITCHARD LISA VS GREENSKY, LLC
**Case Initiation Date:** 09/22/2021
**Attorney Name:** YONGMOON KIM
**Firm Name:** KIM LAW FIRM LLC
**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601
**Phone:** 2012737117
**Name of Party:** PLAINTIFF : Pritchard, Lisa, A
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Lisa A Pritchard?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/22/2021                                                                                              /s/ YONGMOON KIM
Dated                                                                                                              Signed