**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA A. PRITCHARD *on behalf of herself and those similarly situated*,<br><br>                    Plaintiff,<br><br>        v.<br><br>GREENSKY, LLC d/b/a GREENSKY INSTALLMENT, *et al.*,<br><br>                    Defendants. | Civil Action No.: 21-19429<br><br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendants GreenSky, LLC d/b/a GreenSky Installment and GreenSky Servicing, LLC's (collectively "GreenSky" or "Defendants") appeal, ECF No. 196, of Magistrate Judge José R. Almonte's Letter Order dated November 7, 2025. ECF No. 193 (the "November 7, 2025, Letter Order"). Plaintiff Lisa A. Pritchard ("Plaintiff") opposed the appeal. ECF No. 198. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' appeal is denied.

**WHEREAS** this case arises out of Plaintiff's allegation, on behalf of herself and a proposed class, that Defendants pulled Plaintiff's credit report at the request of a merchant, Omni Health Professionals, LLC ("Omni"). Plaintiff was a patient of Omni, a healthcare provider that provides cosmetic services. November 7, 2025, Letter Order, ECF No. 193, at 1. "Omni patients who wish to finance their treatment may apply for a loan through Defendants." *Id.* Plaintiff contends that Defendants pulled her credit report to evaluate whether she qualified for a medical loan, for which she never applied. *Id.* She further alleges that Defendants pulled her credit report

and credit reports of other patients based on unauthorized loan applications, in violation of the Fair Credit Reporting Act ("FCRA"). *See generally* ECF No. 1, Ex. A; and

**WHEREAS** the procedural posture for the instant appeal is as follows. On October 10, 2024, Judge Almonte issued an Order (the "October 10, 2024, Order") noting that "it appear[ed] that discovery has been completed as to Plaintiff's individual claim." ECF No. 147. Accordingly, Judge Almonte granted GreenSky leave to file a motion for summary judgment as to Plaintiff's individual claim. *Id.* He also stayed class-related discovery pending this Court's decision on the motion for summary judgment. *Id.* Plaintiff appealed the October 10, 2024, Order to this Court and GreenSky filed its motion for summary judgment. ECF Nos. 151–52. Thereafter, through an Order dated June 19, 2025 (the "June 19, 2025, Order"), this Court, upon reviewing Plaintiff's appeal and GreenSky's motion for summary judgment, addressed whether there was outstanding discovery related to Plaintiff's individual claim. ECF No. 174. The June 19, 2025, Order directed the parties to "meet and confer regarding any outstanding discovery related to Plaintiff's individual claim" and administratively terminated Plaintiff's appeal and GreenSky's motion for summary judgment. *Id.* The parties met and conferred but did not resolve their disputes. Thereafter, in accordance with the June 19, 2025, Order, they submitted a joint dispute letter to Judge Almonte outlining the remaining discovery issues. ECF No. 177. After reviewing the dispute letter, Judge Almonte issued the November 7, 2025, Letter Order that is the subject of the instant appeal. The November 7, 2025, Letter Order sua sponte vacated Judge Almonte's previous stay of class-related discovery. *See generally* November 7, 2025, Letter Order, ECF No. 193. Judge Almonte lifted the stay because he determined that class-related discovery was intertwined with discovery pertinent to Plaintiff's individual claim. *Id.* He noted that following "incessant disputes" he lifted

2

the stay "in great part because the arguments being presented" in the parties' letter were "more crystalized than what the parties first argued in front of [him]." *Id.* at 2; and

**WHEREAS** Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge decides a pretrial matter that is non-dispositive, the "district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A). A magistrate judge's rulings regarding discovery are generally considered non-dispositive motions. *Spring Creek Holding Co. v. Keith*, No. 02-376, 2006 WL 2403958, at *2 (D.N.J. Aug. 18, 2006). A decision is clearly erroneous "when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citation omitted). "A finding is not clearly erroneous merely because the reviewing district court would have decided the case differently." *Cooley v. Lisman*, No. 16-4499, 2019 WL 5569614, at *3 (D.N.J. Oct. 29, 2019). A decision is contrary to law when it misinterprets or misapplies applicable law. *Id.* Because the magistrate judge is accorded wide discretion, "the party filing the [appeal] bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). However, when as here, "the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Spring Creek Holding Co.*, 2006 WL 2403958, at *2; *Kounelis*, 529 F. Supp. 2d at 518 ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of

3

discretion." (citation omitted)).  Accordingly, the Court reviews Judge Almonte's November 7, 2025, Letter Order for an abuse of discretion[1]; and

**WHEREAS** Defendants argue that Judge Almonte acted "outside [his] authority" in issuing the November 7, 2025, Letter Order.  ECF No. 196 ("Appeal Br.") at 16–17.  In short, they contend that it was "improper" for Judge Almonte to issue the November 7, 2025, Letter Order *pertaining to class discovery* because the parties' joint dispute letter only arose after the June 19, 2025, Order that directed the parties to meet and confer about *discovery relevant to Plaintiff's individual claim*.  This is unavailing.  Judge Almonte's November 7, 2025, Letter Order permitting class-related discovery was based on his determination that such discovery would inform the merits of Plaintiff's individual claim.  He wrote "[i]t has become evident that the distinction between merits and class discovery in this case is much more difficult to ascertain than originally expected.    Indeed, contrary to Defendants' assertions, the merits issues concerning the reasonableness of Defendants' reliance on Omni and Defendants' mental state at the time Defendants ran Plaintiff's credit report are, at least in some manner, intertwined with questions that bear upon class certification."  November 7, 2025, Letter Order, ECF No. 193, at 5–6.  Judge Almonte's decision to lift the stay on class-related discovery directly related to discovery regarding Plaintiff's individual claim, the subject matter of the June 19, 2025, Order.  As such, he did not act outside his authority; and

**WHEREAS** GreenSky further argues that the November 7, 2025, Letter Order must be reversed because class-related discovery "will not enable Plaintiff to establish that Defendants pulled Plaintiff's credit report without a permissible purpose."  Appeal Br. at 18.  Not so.  "To

---

[1] Even under the clearly erroneous or contrary to law standard, Defendants' appeal would be denied as discussed herein.

state a claim for civil liability based on [the FCRA], a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." November 7, 2025, Letter Order, ECF No. 193, at 3 (quoting *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014)). One such permissible purpose is whether the user, in this case GreenSky, "ha[d] reason to believe" that Plaintiff "intend[ed] to use the [credit report] in connection with a credit transaction." *Id.* (quoting *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 285 (D. Conn. 2015)). In other words, the issue is whether GreenSky "knew or should [have] known that [Plaintiff] did not want to apply for such financing." *Bentley*, 156 F. Supp. 3d at 297. The "focus is on the intent of the party obtaining the credit report." November 7, 2025, Letter Order, ECF No. 193, at 3 (quoting *Bentley*, 156 F. Supp. 3d at 285); and

**WHEREAS** the class-related discovery at issue pertains to "consumer complaints alleging unauthorized applications, Defendants' investigations finding merchants at fault, merchant training materials, and Defendants' knowledge of systemic problems." ECF No. 198 ("Pl. Opp.") at 16. In the Court's view, this discovery may bear on the issue of whether GreenSky knew or should have known that Plaintiff did not file a loan application. For example, if GreenSky was aware that consumers complained about merchants processing unauthorized loan applications without proper training or safeguards in place, it may inform the reasonableness of GreenSky's reliance on the merchant-submitted application in Plaintiff's case. Accordingly, Judge Almonte's lifting of the stay on class-related discovery was appropriate because of the overlap with Plaintiff's individual claim. The November 7, 2025, Letter Order is therefore not clearly erroneous, contrary to law, or an abuse of discretion; and

WHEREAS Defendants also focus on the burden and proportionality of class discovery. *See* Appeal Br. at 31 ("[R]viewing millions of files would take years to complete, working twenty-four hours a day, seven days a week."), 32 ("[T]he proposed class discovery is not proportional with respect to Plaintiff's individual claim."), 34 ("The massive class discovery Plaintiff seeks in this case would not be proportional with respect to Plaintiff's individual claim, and this Court should not permit it."), 34 ("Plaintiff's requests for documents and information related to numerous transactions or proposed transactions with other consumers necessarily triggers confidentiality concerns related to the persons whose information would be provided to Plaintiff."). The Court is sympathetic to these concerns, but Judge Almonte's November 7, 2025, Letter Order made "sufficiently clear" that it "shall not be taken as an allowance for boundless class discovery or as justification for further delay." November 7, 2025, Letter Order, ECF No. 193, at 7. Rather, he ordered the parties to meet and confer about these disputes mindful that discovery should not become overly burdensome. *Id.* at 8. As such, Defendants' arguments are unavailing; and

WHEREAS Defendants next ask the Court to issue its own stay of class-related discovery. Appeal Br. at 35–44. However, Defendants' appeal, which the Court denies herein, seeks the same relief by asking the Court to overturn Judge Almonte's November 7, 2025, Letter Order lifting the stay on class-related discovery. For the same reasons the Court denies the appeal, it denies Defendants' request; and

WHEREAS Defendants also argue that discovery should remain bifurcated in this case because "bifurcation will promote judicial economy and not prejudice" Plaintiff. Appeal Br. at 44 (citing *Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. 11-5474, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013)). In other words, Defendants assert this Court should proceed to summary judgment "to avoid costly and/or needless litigation on class issues." *Id.* (quoting *Wesley v. Samsung Elecs.*

6

*Am., Inc.,* No. 20-18629, 2022 WL 2870200, at *2 (D.N.J. July 21, 2022)).   Judge Almonte

disagreed with this argument given the intertwined nature of class and individual discovery.  *See*

November 7, 2025, Letter Order, ECF No. 193, at 5–7.  His determination to allow class-related

discovery to proceed is neither contrary to law or clearly erroneous, nor an abuse of his discretion.

Accordingly, it would prejudice Plaintiff to bifurcate discovery and deprive her of the opportunity

to uncover potential facts pertinent to a motion for summary judgment.  As such, Defendants'

appeal is denied.

Accordingly, **IT IS** on this 29th day of June, 2026;

**ORDERED** that Defendants' appeal (ECF No. 196) of Judge Almonte's November 7,

2025, Letter Order is **DENIED**.

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**

7